IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 15 C 250 |
| | ) | |
| CHRISTOPHER HUNTER | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In December 2011, Christopher Hunter pled guilty to a charge of conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846, and in May 2012 the Court sentenced him to a twenty year prison term. On appeal, Hunter challenged this Court's denial of his motion to suppress incriminating evidence obtained through Title III wiretaps. The court of appeals dismissed his appeal because he had not properly preserved the right to appeal when pleading guilty. *United States v. Adams*, 746 F.3d 734, 739 (7th Cir. 2014).

Hunter has filed a *pro se* motion under 28 U.S.C. § 2255. He contends that his trial counsel rendered ineffective assistance by:

- failing to preserve his right to appeal the denial of his motion to suppress;

- failing to challenge the enhancement of his sentence under 21 U.S.C. § 851 and the Sentencing Guidelines' career offender provision; and

- failing to inform the government that he wanted to cooperate with the government.

For the reasons stated below, the Court overrules Hunter's second and third claims and orders a hearing on the first.

**Background**

The charges against Hunter arose from his affiliation with a street gang that distributed large amounts of heroin on the west side of Chicago. In 2009, the Drug Enforcement Administration and Chicago Police Department launched an investigation into the drug trafficking operation by conducting controlled purchases of heroin, surveillance, interviews with informants and witnesses, and court-authorized wiretaps. The investigation led to charges against fourteen members of the gang, including Hunter. Hunter's role in the illegal operation involved mixing heroin with other substances to dilute its potency and increase its quantity.

Following the return of the indictment, the government filed an information pursuant to 21 U.S.C. § 851(a), describing two of Hunter's previous felony drug convictions, to support enhanced punishment. The information referenced a 1993 conviction for possession of a controlled substance with intent to deliver on school grounds or a public way, which resulted in a five years prison sentence, and a 1997 conviction of manufacture or delivery of cocaine, which resulted in a six year prison sentence.

On March 17, 2011, Hunter filed a motion to suppress the fruits of the court-ordered wiretaps. The Court denied the motion on September 15, 2011. On December 21, 2011, Hunter entered a plea of guilty to count one of the indictment, a charge of conspiracy to possess heroin with intent to distribute, pursuant to a written "plea declaration." The plea declaration stated, in three places, that Hunter was reserving the right to appeal the denial of his motion to suppress. Plea Declaration, Case No. 10 CR 673-6, dkt. no. 461 at 1 ("Defendant leaves open certain non-factual, non-frivolous legal arguments for sentencing"), 2 (defendant "expressly reserves his right to appeal this

2

Court's ruling on his motion to suppress"), 8 ("Appellate rights. HUNTER further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial. HUNTER understands that he may appeal the validity of this plea of guilty and the sentence imposed. Further, HUNTER, expressly reserves the right to appeal the District Court's ruling on his motion to suppress.").

At the guilty plea hearing, however, neither the Court nor anyone else made any mention of these terms in Hunter's plea declaration. Indeed, the Court made no reference to Hunter's right to appeal, aside from advising Hunter that he would have the right to appeal his sentence—a statement that Hunter might have interpreted as reaffirming his right to appeal the wiretap ruling. *See* Case No. 10 CR 673-6, Dec. 21, 2011 Tr. at 20. The Court did not say or hint that Hunter would be giving up any aspect of his right to appeal if he pled guilty. Nor did the Court or anyone else address the proposition that by pleading guilty, Hunter would be waiving any non-jurisdictional issues that arose prior to the plea.

In the government's sentencing memorandum, it argued that that Hunter's involvement in the heroin conspiracy made him legally responsible for the ten to thirty kilograms of heroin involved in the operation. The government also argued that Hunter had knowledge that the members of the street gang used guns. The government also sought to increase Hunter's punishment pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, based on his prior drug convictions in 1993 and 1997—though only one previous drug conviction is needed to satisfy section 851. The government also argued that Hunter qualified as a career offender under U.S.S.G. § 4B1.1 because of his two previous drug offenses as well as his 1992 criminal sexual assault conviction—though U.S.S.G. § 4B1.1 requires only two prior convictions for controlled substance offenses or crimes of violence.

3

Prior to sentencing, Hunter's counsel submitted a position paper in which he argued that Hunter was responsible for one to three kilograms of heroin and that a firearm enhancement under the Sentencing Guidelines should not be applied.  Counsel also argued that the records regarding Hunter's 1993 conviction did not show which of the four counts charged in that case was the subject or Hunter's guilty plea, and he also noted that and one of the charges, possession of narcotics within 1000 feet of a school, is no longer a crime in Illinois.   At the sentencing hearing, Hunter's counsel advised the Court that Hunter believed the 1993 drug conviction was for simple possession.  *Id.* at 2.  Neither defense counsel nor the government, however, obtained the court file, which might have provided more detailed disposition information.

On May 16, 2012, this Court sentenced Hunter to the mandatory minimum term of twenty years imprisonment.  On appeal, Hunter's attorney challenged this Court's denial of the motion to suppress the Title III wiretaps.  As indicated earlier, the Seventh Circuit dismissed Hunter's appeal.  *Adams*, 746 F.3d at 739.  The court concluded that Hunter's attorney did not preserve the issue for appeal because he failed to get approval of a conditional plea from the government and this Court as required by Federal Rule of Criminal Procedure 11(a)(2).  *Id.*  During oral argument before the court of appeals, "Hunter's attorney conceded the error and asserted that his failure to obtain the government and district court's approval of the reservation could constitute ineffective assistance of counsel." *Id.*

In his section 2255 motion, Hunter says that before he pled guilty, he told his attorney that he wanted to "go all the way through the appeal stages with his suppression hearing."  Def.'s Sec. 2255 Mot. at 4.  Hunter also says that "the only reason why [he] pled guilty is because counsel would not pursue a trial on his behalf and because he felt

4

counsel would pursue the suppression hearing through the appeal stages . . . ." *Id.* Hunter says that if he knew "counsel was not going to preserve his appeal rights to the suppression hearing, he would have told the judge . . . ." *Id.*

Hunter has moved the Court to vacate his conviction and permit him to withdraw his guilty plea due to trial counsel's ineffective assistance.

## Discussion

Section 2255 permits a defendant to move the trial court to vacate, set aside or correct the sentence if it was "imposed in violation of the Constitution …." 28 U.S.C. § 2255(a). Hunter contends his counsel rendered ineffective assistance in violation of the Sixth Amendment, which entitles a defendant to assistance by a "reasonably competent attorney." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

To sustain a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant by depriving him of a fair proceeding. *Strickland*, 466 U.S. at 687; *United States v. Hall*, 212 F.3d 1016, 1021 (7th Cir. 2000). To show prejudice in a guilty plea context, the defendant must show that but for counsel's error, he would not have pled guilty but instead would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010); *Moore v. Bryant*, 348 F.3d 238 (7th Cir. 2003). On an ineffective assistance claim regarding sentencing, the defendant must show a reasonable possibility that his sentence would have been different but for counsel's deficient performance. *See, e.g., Bailey v. United States*, 566 F. App'x 512, 514 (7th Cir. 2014).

Hunter seeks an evidentiary hearing on his claims. A court should grant an evidentiary hearing on a section 2255 motion when the defendant's allegations, if proven,

5

would entitle him to relief. *Sandoval v. United States*, 574 F.3d 847 (7th Cir. 2009). But where the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no hearing is required. 28 U.S.C. §2255(b).

Hunter presents three claims of ineffective assistance of counsel. He claims that counsel was ineffective due to his 1) failure to challenge the denial of Hunter's motion to suppress the Title III wiretap evidence, 2) failure to challenge Hunter's section 851 and career offender status, and 3) failure to inform the government that Hunter wanted to cooperate. The Court will address the second and third claims first.

**1.**     **Failure to challenge section 851 and career offender status**

Hunter argues that his counsel was ineffective for failing to challenge the section 851 enhancement and his career offender status.

    **a.**     **Section 851 enhancement**

Hunter pled guilty to a charge under 21 U.S.C. § 846 of conspiring to possess one kilogram or more of heroin with intent to distribute. Section 846 provides that a person convicted of conspiring to violate 21 U.S.C. § 841 is subject to the same penalties as a person convicted of the underlying substantive offense. Under section 841, a person convicted of possession with intent to deliver a kilogram or more of heroin is subject to a minimum prison term of ten years and a maximum term of life imprisonment. 21 U.S.C. § 841(b)(1)(A). If, however, the person violates section 841 "after a prior conviction for a felony drug offense has become final," then the minimum prison term is increased to twenty years. *Id.*

Under 21 U.S.C. § 851, if the government intends to rely on a defendant's prior convictions for enhanced punishment, it must file an information identifying the convictions upon which it relies. 21 U.S.C. § 851(a). Section 851 sets out a procedure

6

for a defendant to challenge the government's reliance on a prior conviction.

In November 2010, the government filed an information identifying two prior convictions as qualifying Hunter for an enhanced sentence under section 851. The information described the following convictions:

> (i) On or about August 30, 1993, in the Circuit Court of Cook County, Illinois, Docket # 93CR0784501, defendant CHRISTOPHER HUNTER was convicted of possession of a controlled substance with intent to deliver on school ground or public way, in violation of the Ill. Rev. Stat., ch. 56 ½, ¶ 1407(d), and sentenced to five years of incarceration.
>
> (ii) On or about June 4, 1997, in the Circuit Court of Cook County, Illinois, Docket # 97CR0946301, defendant CHRISTOPHER HUNTER was convicted of manufacture/delivery of cocaine, in violation of the Ill. Rev. Stat., ch. 56 ½, ¶ 1401(c), and sentenced to six years of incarceration.

Information, Case No. 10 CR 673-6, dkt. no. 220, at 1-2.

Hunter seems to say that both of these convictions were for possession-only drug offenses, not distribution offenses. This does not matter for purposes of section 851. Enhancement under sections 841(b)(1)(A) and 851 requires only that the prior conviction was for a felony drug offense. The statutes do not require the prior offense to involve distribution. A defendant convicted of a possession-only offense that is a felony (in other words, an offense with a statutory maximum penalty of more than one year) is eligible for the statutory enhancement. *See, e.g., United States v. Jones*, 559 F.3d 831, 837 (8th Cir. 2009); *United States v. Brown*, 383 F. App'x 543, 546 (7th Cir. 2010); *Castle v. United States*, 994 F. Supp. 2d 754, 755 (W.D.N.C. 2014); *Garcia v. United States*, No. 1:10-cv-387, 2013 WL 1703739, at *10 (S.D. Ind. Apr. 19, 2013). Thus trial counsel did not perform deficiently in failing to challenge Hunter's section 851 status, nor was Hunter prejudiced.

7

### b. Career offender status

To qualify for career offender status under the Sentencing Guidelines, a defendant must meet three criteria: 1) he must be at least eighteen years old at the time he committed current offense; 2) the current offense must be a felony involving violence or a controlled substance offense; and (3) he must have at least two prior felony convictions for a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). In contrast to section 851, a conviction for simple possession of a controlled substance does not qualify a defendant for career offender status, due to the way "controlled substance offense" is defined in U.S.S.G. § 4B1.2(b). *See Salinas v. United States*, 547 U.S. 188, 188 (2006) (per curiam); *United States v. Atkinson*, 979 F.2d 1219, 1222 (7th Cir. 1992).

Hunter had three prior convictions that qualified under the career offender guideline: a 1990 conviction for criminal sexual assault, and the 1993 and 1997 controlled substance offenses described earlier. Hunter does not dispute that his 1990 conviction was a crime of violence within the meaning of the career offender guideline. He contends, however, that both of the narcotics offenses were possession-only offenses and thus did not qualify. He argues that his counsel rendered ineffective assistance in failing to challenge application of the career offender guideline.

Hunter's trial counsel did, in fact, argue that the 1993 crime was for simple possession and thus did not qualify under U.S.S.G. § 4B1.2(b). *See* Def.'s Position Paper as to Sentencing Factors, Case No. 10 CR 673-6, dkt. no. 630 at 3-4. The government, however, did not rely on that conviction in its position paper; rather, it relied on the 1990 sexual assault conviction and the 1997 narcotics conviction. *See* Gov't's Sentencing Mem., Case No. 10 CR 673-6, dkt. no. 660 at 9-10. The Court did the same in finding that Hunter was a career offender.

Hunter offers nothing other than his own say-so to support his contention that the 1997 conviction was for simple possession. The only evidence in the record is to the contrary. In the presentence report, the probation officer described the conviction as one for delivery of a controlled substance. *See* Presentence Report, Case No. 10 CR 673-6, dkt. no. 553 at 15. Hunter's unsupported contention is insufficient to show otherwise.

In any event, application of the career offender guideline had no impact on Hunter's sentence. The mandatory minimum sentence for Hunter's crime was twenty years imprisonment, due to the section 851 enhancement. The Court imposed a twenty year sentence, and the law did not permit a lower sentence. Thus Hunter's career offender status under the Sentencing Guidelines did not affect his sentence. For this reason, even if counsel performed deficiently in failing to challenge the use of the 1997 narcotics conviction, Hunter was not prejudiced.

For these reasons, the Court overrules Hunter's second ineffective assistance claim.

**2.    Failure to inform government about desire to cooperate**

Hunter claims that he wanted to cooperate with the government but his attorney refused to allow him to do so. Def.'s Section 2255 Mot. at 5. Hunter has provided no support for this contention. In addition, during Hunter's guilty plea colloquy, the Court asked if he had any problems with the quality of his legal counsel. Hunter replied, "[w]ell, he did everything he could for me in this case…." Case No. 10 CR 673-6, dkt. no. 806, Dec. 21, 2011 Tr. at 10. Hunter's current claim that counsel refused to let him cooperate contradicts his sworn statement during the plea colloquy. A defendant is bound by the representations he makes in court under oath during the plea colloquy unless he has a compelling explanation for contradiction. *See Thomson v. United States*, 732 F.3d 826,

829-30 (7th Cir. 2013) ("[A] [§ 2255] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction."); *Hutchings*, 618 F.3d at 699. Hunter has not offered any viable basis to disregard his statement at the plea colloquy.

In addition, Hunter has offered no evidence that counsel's alleged failure to allow him to cooperate prejudiced him. Specifically, Hunter offers nothing that would suggest that he had information the government might have found valuable in a way that would have enabled him to get a better deal or a lesser sentence.

For these reasons, the Court overrules Hunter's third ineffective assistance claim.

3. **Guilty plea and appeal from denial of motion to suppress**

Hunter's counsel attempted to challenge on appeal this Court's denial of Hunter's motion to suppress, but the court of appeals dismissed the appeal. The court of appeals determined that Hunter had pled guilty unconditionally and that this waived any non-jurisdictional defects that occurred prior to the guilty plea. The court further concluded that Hunter's reservation in the plea declaration of his right to appeal was ineffective because a conditional guilty plea requires the consent of both the government and the trial court. *Adams*, 746 F.3d at 739.

Hunter says that he intended to preserve his right to appeal, made this clear to counsel, and understood that counsel had done what was necessary to accomplish this. Because Hunter is proceeding *pro se*, the Court reads his section 2255 motion as challenging counsel's failure to do what was necessary to preserve the point for appeal and his failure to inform Hunter that, due to the nature of his guilty plea, he would not be able to challenge the denial of the motion to suppress on appeal.

Hunter has sufficiently alleged that he did not understand that by pleading guilty, he would waive his right to challenge the denial of the motion to suppress. It is likely that counsel did not understand this either. Counsel almost certainly drafted the plea declaration that Hunter signed, which stated, twice, that Hunter "expressly reserves his right to appeal this Court's ruling on his motion to suppress." Plea Declaration, Case No. 10 CR 673-6, dkt. no. 461 at 2; *see also id.* at 9. There could hardly be better evidence of what counsel advised Hunter.

Counsel's advice, however, was wrong. The Court should have caught this at the time of the guilty plea, but it failed to do so. Nor did the government make any mention of it at the plea hearing. *Cf. Moore v. Bryant*, 348 F.3d 238, 243 (7th Cir. 2003) (plea colloquy insufficient to undermine claim of ineffective assistance where the colloquy did not address the point on which counsel's advice was deficient). As a result, Hunter almost certainly entered his guilty plea believing that he would be able to appeal the denial of his motion to suppress evidence.

The government argues that the Court ruled correctly in denying Hunter's motion to suppress, but that is beside the point. The issue for present purposes is whether Hunter has shown that but for counsel's allegedly improper advice, he would have gone to trial. *See Hill*, 472 U.S. at 59. Hunter's statements to this effect in his section 2255 motion, combined with the overwhelming evidence that counsel gave him bad advice regarding the consequences of a plea, are sufficient to entitle him to an evidentiary hearing. *See Hutchings*, 618 F.3d at 697 ("subjective" evidence consisting of defendant's statement that he would have gone to trial, plus "objective" evidence of counsel's bad advice regarding consequences of guilty plea, constitutes sufficient evidence of prejudice).

**Conclusion**

For the foregoing reasons, the Court overrules Hunter's second and third claims of ineffective assistance of counsel but grants an evidentiary hearing on his first claim. The Court will, by separate order, appoint counsel to represent Hunter on his remaining claim. *See* Rule 8(c), Rules Governing Section 2255 Proceedings.

Date:  October 5, 2015

_____
MATTHEW F. KENNELLY
United States District Judge